**Original filed 1/11/07**

1   .

2

3

4

5

6

7

8

9                           NOT FOR CITATION

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13   SONNY RAY HARDAWAY,            )    No. C 02-1463 JF (PR)
                                    )
14              Petitioner,         )
                                    )
15       vs.                        )    ORDER DENYING
                                    )    CERTIFICATE OF
16   M. YARBOROUGH, Warden,         )    APPEALABILITY
                                    )
17              Respondent.         )
     _____)    (Docket No. 74)

18

19       This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner.  The

20   petition was denied in an order entered on November 2, 2006, and judgment was entered

21   that day.  Petitioner has filed a notice of appeal.  Although he does not request a

22   certificate of appealability, the notice of appeal will be deemed a request for the

23   certificate.  See United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997).

24                              **DISCUSSION**

25       A petitioner may not appeal a final order in a federal habeas corpus proceeding

26   without first obtaining a certificate of appealability (formerly known as a certificate of

27   probable cause to appeal).  See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall

28   grant a certificate of appealability "only if the applicant has made a substantial showing

1  of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate must

2  indicate which issues satisfy this standard.  Id. § 2253(c)(3).

3        "Where a district court has rejected the constitutional claims on the merits, the

4  showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate

5  that reasonable jurists would find the district court's assessment of the constitutional

6  claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7        Except for substituting the word "constitutional" for the word "federal," section

8  2253(c)(2) codified the standard announced by the United States Supreme Court in

9  Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983).  See Slack, 529 U.S. at 483.  In

10 Barefoot, the Court explained that "a substantial showing of the denial of [a] federal

11 right" means that a petitioner "must demonstrate that the issues are debatable among

12 jurists of reason; that a court could resolve the issues [in a different manner], or that the

13 questions are adequate to deserve encouragement to proceed further." Barefoot, 463 U.S.

14 at 893 n.4 (citations and internal quotations omitted; emphasis in original).  Any doubts

15 about whether the Barefoot standard has been met must be resolved in petitioner's favor.

16 Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

17       The Court denied the instant habeas petition after careful consideration of the

18 merits.  The Court found no violation of Petitioner's federal constitutional rights in the

19 underlying state court proceedings.  Petitioner has failed to demonstrate that jurists of

20 reason would find it debatable whether this Court was correct in its ruling.  Accordingly,

21 Petitioner's notice of appeal, which the Court construes as a request for a certificate of

22 appealability (docket no. 74) is DENIED.  The Clerk shall transmit the file, including a

23 copy of this order, to the Court of Appeals.  Petitioner may then ask the Court of Appeals

24 to issue the certificate.  See Fed. R. App. P. 22(b).

25       IT IS SO ORDERED.

26 DATED: _1/11/07_____

27                                                    JEREMY FOGEL
                                                     United States District Judge

28

Order Denying Certificate of Appealability
P:\pro-se\sj.jf\hc.02\Hardaway1463.COADeny.ECK